Dear Mr. Flavin:
This office is in receipt of your opinion request in which you present the following issue for our review: Whether golf carts can be used on the roads in the community of Big Lake in Cameron Parish? You indicate that you have received a letter from Ms. Michelle Fontenot with the House of Representatives Transportation, Highways and Public Works Committee informing you that golf carts could not be used on the streets in Big Lake, and you have asked this office for a clarification of the issue.
In her letter, Ms. Fontenot stated that certain municipal authorities and parish authorities had the power to adopt ordinances regulating traffic on some of the highways within their limits. However, this power is limited by the Louisiana Highway Regulatory Act (LSA-R.S. 32:1 — 399). In other words, any ordinance adopted by a municipal or parish authority cannot be in conflict with the Louisiana Highway Regulatory Act.
An analysis of the Louisiana Highway Regulatory Acts indicate that it would prohibit the use of golf carts on the roads in Big Lake. As pointed out in Ms. Fontenot's letter, the issue is whether a golf cart can be classified as a "motor vehicle" under the Act. The Act defines "motor vehicle" in LSA-R.S. 32:1(40):
 `Motor vehicle' means every vehicle which is self-propelled, and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails, but excluding a motorized bike.
It is the opinion of this office that golf carts are motor vehicles as defined in the Act. Hence, all provisions in the Act which apply to motor vehicles also apply to golf carts. For instance, the Act requires that all motor vehicles be registered with the office of motor vehicles. See: LSA-R.S. 32:51. The office of motor vehicles has informed us that there is no method currently in effect to register golf carts. Also, once a motor vehicle is registered with the office of motor vehicles, it must undergo an inspection and obtain an official certificate of inspection as regulated by LSA-R.S. 32:1301, et seq. Golf carts do not possess all of the features needed to pass an inspection.
Other provisions of the Act which would prohibit the use of golf carts on highways include requirements that motor vehicles be equipped with head lamps (LSA-R.S. 32:303), tail lamps (LSA-R.S.32:304), safety glass (LSA-R.S. 32:359), windshield wiping and washing systems (LSA-R.S. 32:356), mirrors (LSA-R.S. 32:354), proper exhaust systems (LSA-R.S. 32:352-353), etc. These pieces of equipment are required to be on any motor vehicle, and in addition, some are specifically governed as to the exact placement on the vehicle and how they should function.
In conclusion, it is the opinion of this office that since golf carts do not meet the requirements of the Louisiana Highway Regulatory Act, could not pass an inspection, and could not be registered and licensed with the office of motor vehicles, they cannot be driven on the roads in the community of Big Lake in Cameron Parish. It is also the opinion of this office that an ordinance allowing the use of golf carts on the roads of Big Lake would violate the Louisiana Highway Regulatory Act.
We hope this sufficiently answers your questions, but should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ EMORY A. BELTON, JR. ASSISTANT ATTORNEY GENERAL
RPI/EAB/tp